**Steve E. JORDAN, Jr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 34A02–9601–PC–59.

Court of Appeals of Indiana.

Jan. 28, 1997.

Jane Ruemmele, Gilman & Ruemmele, Indianapolis, for Appellant–Defendant.

Pamela Carter, Attorney General of Indiana and Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

BARTEAU, Judge.

Steven E. Jordan, Jr. appeals from denial of his petition for post-conviction relief. Jordan contends that the sentence imposed pursuant to his plea agreement is illegal and that the plea agreement must be vacated.

### FACTS

Jordan entered a written plea agreement wherein he agreed to plead guilty to felony murder[1] and robbery, a Class A felony.[2] The plea agreement provided that Jordan would be sentenced to 60 years for felony murder, to be served consecutively to a 50 year sentence for robbery. The trial court accepted the plea agreement and sentenced Jordan according to its terms.

The charging information for felony murder alleged that on January 29, 1986, Jordan did unlawfully kill Cecilia Matura while committing or attempting to commit a robbery. The charging information for rob-

1. Ind.Code § 35–42–1–1(2) (1993).

2. I.C. § 35–42–5–1 (1993).

bery alleged that on January 29, 1986, Jordan took the property of Cecilia Matura with the use of force causing serious bodily injury to Cecilia Matura. Because robbery was the underlying felony used to support the felony murder count, conviction and sentence for both felony murder and robbery violates the prohibition against double jeopardy. *Moore v. State,* 652 N.E.2d 53, 59–60 (Ind.1995) ("It would have been a violation of double jeopardy to convict and sentence a defendant for both Felony Murder and the underlying robbery because conviction for Felony Murder could not be had without proof of robbery."); *Randall v. State,* 455 N.E.2d 916 (Ind.1983) (Sentence for both felony murder and the underlying felony is a violation of double jeopardy).

The post-conviction court found that Jordan waived his protection against double jeopardy when he knowingly and voluntarily entered into the plea agreement which provided for consecutive sentences for felony murder and robbery in exchange for the State not pursuing the death penalty. Jordan contends that *Sinn v. State,* 609 N.E.2d 434 (Ind.Ct.App.1993), *trans. denied,* and *Thompson v. State,* 634 N.E.2d 775 (Ind.Ct. App.1994), demonstrate the post-conviction court's error.

### DISCUSSION

■ Generally, a guilty plea acts as a waiver of a double jeopardy claim.

A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

*United States v. Broce,* 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989). However, the general rule is not without exception.

The two cases cited by Jordan are illustrative of one exception. In both *Sinn* and *Thompson* the plea agreement called for the imposition of consecutive sentences when the court was without the statutory authority to impose consecutive sentences.[3] *Sinn,* 609 N.E.2d 434; *Thompson,* 634 N.E.2d 775. Because there was no statutory authority for the judge to impose consecutive sentences, the fact the consecutive sentences were imposed pursuant to a plea agreement could not be held to "waive" the error. *Id.* The judge *could not* sentence the defendants to the terms provided in the agreement.

Jordan's situation is not analogous to that of the defendants in *Sinn* and *Thompson.* There is no statutory impediment to the judge sentencing Jordan pursuant to the terms of the plea agreement.

■ However, another exception to the general rule is applicable to Jordan's case. A defendant who has pleaded guilty to charges which are facially duplicative of previous convictions is entitled to challenge the resulting convictions. *Broce,* 488 U.S. at 574–75, 109 S.Ct. at 765; *Menna v. New York,* 423 U.S. 61, 63, n. 2, 96 S.Ct. 241, 242, n. 2, 46 L.Ed.2d 195 (1975) (per curium); *Griffin v. State,* 540 N.E.2d 1187, 1188 (Ind. 1989); *Odom v. State,* 647 N.E.2d 377 (Ind. Ct.App.1995), *trans. denied; Christie v. State,* 536 N.E.2d 531, 533 (Ind.Ct.App.1989). The term "facially duplicative" is derived from the following passage in *Menna:*

The point of these cases is that a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it *quite validly* removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established. Here, however, the claim is that the State may not convict petitioner no matter how valid-

---

3. Both *Sinn* and *Thompson* were instituted by way of a motion to correct erroneous sentence.

ly his factual guilt is established. The guilty plea, therefore does not bar the claim. We do not hold that a double jeopardy claim may never be waived. We simply hold that a plea of guilty to a charge does not waive a claim that—judged on its face—the charge is one which the State may not constitutionally prosecute.

*Menna v. New York*, 423 U.S. at 63, n. 2, 96 S.Ct. at 242, n. 2.

■ Jordan's convictions for both felony murder and robbery fall within this exception. The double jeopardy implications of felony murder and robbery cannot be avoided due to the nature of the offense of felony murder. In felony murder, proof of the death itself is insufficient to sustain the conviction. The State must additionally prove commission of the underlying felony. Ind. Code § 35–41–1–1(2). Thus, no matter how artfully the informations for felony murder and the underlying felony are drafted, the double jeopardy problem remains. A defendant convicted of both felony murder and the underlying felony in reality stands twice convicted of the underlying felony. The infirmity is not removed when the convictions are imposed pursuant to a plea agreement. The admissions made when pleading guilty to the underlying felony would be merely redundant of those made when pleading guilty to the felony murder. *See Broce*, 488 U.S. at 575–76, 109 S.Ct. at 765–66. Thus, the convictions are facially duplicative.

■ Having determined that Jordan cannot stand convicted of both felony murder and robbery, we are now faced with determining the appropriate remedy. In *Sinn* and *Thompson* the convictions and sentences imposed pursuant to the plea agreement were vacated, leaving the State the option of reprosecuting the defendants on the original charges. *Sinn*, 609 N.E.2d at 436; *Thompson*, 634 N.E.2d at 778.

In *Odom* a different remedy was ordered. 647 N.E.2d at 381. Odom pleaded guilty to having committed robbery and burglary on November 5, 1992. *Id.* at 379. Both convictions were elevated to Class A felonies due to the serious bodily injury suffered by the victim. *Id.* Odom also pleaded guilty to

having committed attempted robbery and burglary on November 9, 1992. *Id.* These convictions were also elevated to Class A felonies due to the serious bodily injury suffered by the victim. *Id.* Recognizing that injuries occurring in the "same episode" cannot elevate the class of felony of more than one conviction without violating double jeopardy, this court considered and denied Odom's request to have his plea agreement vacated, holding that Odom had not alleged that the error affected the voluntariness of his plea. *Id.* at 381. We instead ordered the post-conviction court to vacate one conviction and sentence in each criminal episode and to re-enter the conviction as a Class B felony and resentence Odom accordingly. *Id.*

Jordan has not alleged nor proven that he would not have entered the plea agreement had he been properly advised that the principles of double jeopardy precluded conviction and sentencing for both felony murder and robbery nor does he allege or prove that his plea of guilty was involuntary or unintelligent. Thus, we are not required to vacate Jordan's plea agreement. *White v. State*, 497 N.E.2d 893 (Ind.1986). We opt instead to vacate Jordan's conviction for robbery. While the State does not receive the full benefit of its bargain under this approach, we believe it to be the wisest in that it forecloses the possibility that Jordan will be set free in the event the State does not have sufficient evidence to reprosecute a ten year old murder case.

Jordan's robbery conviction and sentence are vacated.

RUCKER and GARRARD, JJ., concur.