STATE of Wisconsin, Plaintiff-Respondent,

v.

Carl A. REED, Defendant-Appellant.

Court of Appeals

*No. 2012AP2191–CR. Submitted on briefs August 28, 2013.
—Decided October 23, 2013.*

2013 WI App 132

(Also reported in 839 N.W.2d 877.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *George M. Tauscheck*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Warren D. Weinstein*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Brown, C.J., Neubauer, P.J., and Reilly, J.

¶ 1. NEUBAUER, P.J. In this case, we uphold the circuit court's choice of remedy when a defendant breaches his or her plea agreement by committing new crimes. Carl A. Reed pled no contest to substantial battery in exchange for the dismissal of three other counts and the State's promise to make no recommendation at sentencing. Under the agreement, the State reserved the right to withdraw from the agreement if Reed "commits any new or additional crime(s)." Pending sentencing, Reed was charged with new crimes. The circuit court found that these newly charged crimes

constituted a breach of the plea agreement. The circuit court went ahead with sentencing, allowing the State to change its recommendation and denying Reed's request to withdraw his plea. We agree with the circuit court that Reed breached the plea agreement. Furthermore, we conclude that the circuit court's choice of remedy, to hold Reed to his plea and allow the State to recommend time at sentencing, was an appropriate exercise of discretion. We affirm.

## FACTS

¶ 2. Reed and the State entered into a plea agreement after Reed was charged with substantial battery, misdemeanor theft, first-degree reckless endangerment and misdemeanor bail jumping, all as a repeater. Under the plea agreement, Reed pled no contest to the battery. He also agreed, among other things, that the State could withdraw from the agreement "at any time prior to sentencing if the defendant violates any bail condition(s), [or] commits any new or additional crime(s)." The State agreed to dismiss and read in the remaining charges and to "make no specific recommendation at sentencing." The circuit court took Reed's plea. Less than two months later, the Kenosha County District Attorney's office filed a new complaint against Reed, this one alleging battery, operating a vehicle without the owner's consent, disorderly conduct/domestic abuse and operating a motor vehicle after revocation.

¶ 3. Reed's case proceeded to sentencing. At the sentencing hearing, defense counsel told the circuit court that the State had notified the defense that, due to the new charges, the State did not intend to follow through with its obligation under the plea agreement to make no sentencing recommendation. The State contended that Reed violated the agreement by committing

a new crime. Defense counsel argued that Reed's newly charged offenses had not been proven, so the State should not be allowed to withdraw from the plea agreement. Defense counsel indicated that if the State made a sentencing recommendation in violation of the plea agreement, the defense would ask the court to withdraw the plea. The State maintained that the new charges violated the plea agreement because Reed waived his preliminary hearing; probable cause was found. The circuit court found that Reed had violated the plea agreement and that the State could make "a different recommendation." The State recommended three years and six months in prison followed by extended supervision. Defense counsel asked for probation. The circuit court sentenced Reed to three years' initial confinement and two years' extended supervision. The circuit court denied Reed's postconviction motion to withdraw his plea.

## DISCUSSION

¶ 4. On appeal, Reed argues that the State breached the plea agreement by recommending time at sentencing and that, as a remedy, Reed should be allowed to withdraw his plea. Reed admits that whether the State breached the plea agreement depends on whether he himself breached the agreement by committing new crimes. Reed argues that at sentencing it was not known whether he had committed a new crime; the probable cause finding was not proof of guilt. The State responds that the circuit court correctly concluded that Reed substantially and materially breached the plea agreement due to the newly filed charges against him. Finally, the State argues that the circuit court appro-

priately exercised its discretion in allowing the State to hold Reed to his plea and recommend time at sentencing.

¶ 5. We agree with the State. Reed's newly charged offenses were a substantial and material breach of the plea agreement. The State was entitled to a remedy. Under the totality of the circumstances, it was within the circuit court's discretion to allow the State to make a recommendation. We first address Reed's conduct as a material and substantial breach, then turn to the remedy.

*Reed's Alleged Conduct Constitutes a Substantial and Material Breach of the Plea Agreement.*

¶ 6. We review the circuit court's determination that there was a breach of the plea agreement, and that the breach was material and substantial, de novo. *State v. Williams*, 2002 WI 1, ¶ 5, 249 Wis. 2d 492, 637 N.W.2d 733. We review the circuit court's findings regarding the underlying terms of the plea agreement and the historical facts of the parties' conduct under the clearly erroneous standard. *Id.*

¶ 7. Not every breach of a plea agreement requires a remedy. *State v. Howard*, 2001 WI App 137, ¶ 15, 246 Wis. 2d 475, 630 N.W.2d 244. To entitle the nonbreaching party to relief, the breach must deprive the nonbreaching party of a substantial and material benefit for which the party bargained. *See id.*; *State v. Robinson*, 2002 WI 9, ¶ 20, 249 Wis. 2d 553, 638 N.W.2d 564, *abrogated on other grounds by State v. Kelty*, 2006 WI 101, ¶ 39, 294 Wis. 2d 62, 716 N.W.2d 886.

¶ 8. Reed argues that the filing of new charges against him does not mean that he violated that portion of the plea agreement indicating that the State may

withdraw if he violates bail conditions or commits new crimes. According to the criminal complaint filed in the new case, Reed admitted to driving while his license was revoked. The circuit court observed, and Reed does not dispute, that the alleged conduct constitutes felony bail jumping. Rather, Reed argues that probable cause findings do not "rise to the level of clear and convincing evidence required for a finding that he breached the plea agreement."

██ ██

¶ 9. We agree with the circuit court that it would be unreasonable to conclude that the promise to commit no new crimes requires a conviction to be enforceable. The State would not have bargained for a condition that would require the whole panoply of criminal proceedings, not to mention the delay, before the parties could determine if Reed had fulfilled his part of the plea agreement. More to the point, the charging of new crimes and probable cause findings bear directly on sentencing and, consequently, the State's recommendation. "In Wisconsin, sentencing courts are obliged to acquire 'full knowledge of the character and behavior pattern of the convicted defendant before imposing sentence.' " *See State v. Leitner*, 2002 WI 77, ¶ 45, 253 Wis. 2d 449, 646 N.W.2d 341 (citation omitted). Thus, at sentencing, the State is allowed to bring forth, and the circuit court may consider, pending charges. *Id.* (court may consider unproven crimes and even alleged crimes of which the defendant has been acquitted); *State v. McQuay*, 154 Wis. 2d 116, 126, 452 N.W.2d 377 (1990) ("In determining the character of the defendant and the need for his [or her] incarceration and rehabilitation, the court must consider whether the crime is an isolated act or a pattern of conduct. Evidence of unproven offenses involving the defendant may be considered by

the court for this purpose."); *Elias v. State*, 93 Wis. 2d 278, 284, 286 N.W.2d 559 (1980) (sentencing court can "consider pending charges for which there has been no conviction"). Reed's breach deprived the State of the substantial and material benefit for which it bargained —tailoring its recommendation to all known criminal conduct at the time of sentencing.

¶ 10. Reed's breach further deprived the State of the substantial and material benefit of protecting the public from Reed's misconduct while Reed waited for sentencing. Reed reaped the benefits of the dismissal of three charges against him, but did not comply with the written requirement in the plea agreement that he not commit any new crimes. Reed's breach was material and substantial.

*Allowing the State to Make a Recommendation Was Not an Erroneous Exercise of Discretion.*

■

¶ 11. After determining that Reed had violated the plea agreement, the circuit court allowed the State to make a recommendation at sentencing, contrary to the terms of the agreement. Reed acknowledges that if he breached the plea agreement, then "the State was allowed to exceed the negotiated recommendation." We agree.

■

¶ 12. The determination of the appropriate remedy for a breach of a plea agreement is within the discretion of the circuit court. *State v. Deilke*, 2004 WI 104, ¶¶ 25–26, 274 Wis. 2d 595, 682 N.W.2d 945 (appropriate exercise of discretion to rescind plea agreements after defendant's collateral attack on previous convictions); *State v. Rivest*, 106 Wis. 2d 406, 414–15, 316

N.W.2d 395 (1982) (plea agreement *may* be vacated due to defendant's false testimony); *State v. Roou*, 2007 WI App 193, ¶ 13, 305 Wis. 2d 164, 738 N.W.2d 173 ("[A] trial court's choice of remedy when faced with a motion to withdraw all or part of a plea agreement should be reviewed under an erroneous exercise of discretion standard."); *Howard*, 246 Wis. 2d 475, ¶ 36 ("[T]he sentencing court has discretion to determine the appropriate remedy for a breach."). We uphold a discretionary determination by the circuit court if the record shows that discretion was exercised and that there was a reasonable basis for the court's decision. *Brown v. Mosser Lee Co.*, 164 Wis. 2d 612, 617, 476 N.W.2d 294 (Ct. App. 1991).

¶ 13. The appropriate remedy for breach of a plea bargain depends on all of the circumstances of the case. *Robinson*, 249 Wis. 2d 553, ¶ 48. In choosing a remedy, the circuit court should consider both the defendant's and the State's interests. *Id.* Here, the circuit court reviewed the terms of the written plea agreement, including the provision that the defendant understood the State could withdraw from the plea agreement at any time prior to sentencing if he violated any bail conditions or committed any new crimes. The circuit court noted that Reed had been charged with a new or additional crime. Further, the circuit court noted that vacating the entire agreement would expose Reed to three more charges with possible additional prison time of four and one-half years. The circuit court concluded that the best remedy under the totality of the circumstances would be to allow the State to make a recommendation at sentencing.

¶ 14. The circuit court's decision was not a misuse of discretion. The circuit court noted at the postconvic-

tion hearing that Reed breached and "the State did not do anything that was incorrect." The nonbreaching party—the State—did not seek to vacate the entire agreement. Allowing the State to make a sentencing recommendation based on the probable cause charging of new crimes does not deprive Reed of any constitutional protections because this dispute does not arise in the prosecution for the new crimes. Rather, Reed is being held responsible for the first battery, to which he pled no contest, and the State's new sentencing recommendation in light of the new pending charges was appropriately considered by the sentencing court.

¶ 15. "[I]n a plea bargain the government's obligation to make a recommendation arises only if defendant performs his obligation . . . ." *Rivest*, 106 Wis. 2d at 411–12 (citation omitted). Reed did not fulfill his end of the bargain; he committed new crimes for which he was charged and probable cause found. The State should not be held to its reciprocal obligation. Reed's breach related directly to sentencing; Reed's newly charged crimes constituted new information that the State and the court could consider at sentencing. As our supreme court aptly stated: "To allow a defendant to claim the benefit of an agreement where he, himself, is in default, offends fundamental concepts of honesty, fair play and justice." *Id.* at 414. The circuit court's remedy was an appropriate exercise of discretion, and we affirm.

*By the Court.*—Judgment and order affirmed.