STARK, P.J.
¶1 Devon Bowser entered guilty pleas to three charges in two separate cases, pursuant to a negotiated plea agreement. Before sentencing, Bowser moved to withdraw his pleas. The circuit court concluded Bowser had established a fair and just reason to withdraw his guilty plea to one of the charges, and it therefore granted his plea withdrawal motion as to that charge. However, the court denied Bowser's motion as to the other two charges, concluding Bowser had failed to establish a fair and just reason to withdraw his guilty pleas to those counts. Bowser now appeals, arguing the court should have allowed him to withdraw his guilty pleas to the two additional charges.
¶2 We agree with Bowser that the circuit court erroneously exercised its discretion by permitting him to withdraw only one of his guilty pleas. In assessing Bowser's request to withdraw his other two pleas, the court was required to consider the totality of the circumstances and to weigh the parties' respective interests. The court failed to do so. Applying the proper analysis, we conclude the court should have permitted Bowser to withdraw all three of his guilty pleas. We therefore reverse Bowser's judgment of conviction and remand with directions that the court allow Bowser to withdraw the two pleas at issue in this case.
BACKGROUND
¶3 On January 11, 2016, the State filed a criminal complaint in Douglas County case No. 2016CF11, charging Bowser with one count of manufacturing or delivering three grams or less of heroin (Count 1); and three counts of falsely presenting a noncontrolled substance (Counts 2, 3 and 4). The charges were based, in part, on allegations that Bowser had sold heroin to a confidential informant in December 2015.
¶4 On May 24, 2016, the State filed a separate criminal complaint in Douglas County case No. 2016CF189, charging Bowser with one count of delivering three grams or less of heroin (Count 1); and one count of felony bail jumping (Count 2). The complaint in case No. 2016CF189 alleged that Bowser had sold heroin to a different confidential informant in March 2016, and that he had done so while released from custody on bond in case No. 2016CF11.
¶5 Bowser and the State subsequently reached a plea agreement that would resolve both cases. The agreement required Bowser to plead guilty to Count 1 in case No. 2016CF11 and Counts 1 and 2 in case No. 2016CF189. In exchange for Bowser's guilty pleas to those counts, the State agreed that Counts 2, 3 and 4 in case No. 2016CF11 would be dismissed and read in for purposes of sentencing. The State also agreed to cap its sentencing recommendation in case No. 2016CF11 at the "midline of the PSI [presentence investigation report] or eight years of prison, whichever is higher." The State similarly agreed to cap its sentence recommendation in case No. 2016CF189 at the higher of nine years in prison or the "mid-range of the PSI."
¶6 The circuit court accepted Bowser's guilty pleas and set the matters for sentencing. However, before sentencing, Bowser moved to withdraw his pleas in both cases, on the grounds that he had received "new information" regarding Count 1 in case No. 2016CF11. Specifically, Bowser alleged he had received a letter from the confidential informant in that case, Justin Schiffer, in which Schiffer stated he "had lied to the police about [Bowser]," and Bowser "was not the party who had sold heroin to [Schiffer]."
¶7 Following an evidentiary hearing on Bowser's motion, the circuit court concluded Schiffer's repudiation of his prior statements about buying heroin from Bowser constituted a fair and just reason for Bowser to withdraw his guilty plea to Count 1 in case No. 2016CF11. However, the court rejected Bowser's argument that he should also be allowed to withdraw his pleas to Counts 1 and 2 in case No. 2016CF189. The court reasoned that Bowser had failed to establish a fair and just reason for plea withdrawal in case No. 2016CF189 because the charges in that case involved "separate incidents" and a "separate informant."
¶8 Immediately after the circuit court issued its ruling on Bowser's plea withdrawal motion, the State asked the court to reinstate Counts 2, 3 and 4 in case No. 2016CF11, which had previously been dismissed pursuant to the parties' plea agreement. The court granted the State's motion, and all four of the charges in case No. 2016CF11 were set for trial.[1] On the two charges in case No. 2016CF189, Bowser received concurrent sentences totaling five years' initial confinement and four years' extended supervision. Bowser now appeals from his judgment of conviction in case No. 2016CF189, arguing the circuit court erred by denying his plea withdrawal motion with respect to the two charges at issue in that case.
DISCUSSION
¶9 A defendant seeking to withdraw his or her guilty plea prior to sentencing must show the existence of a fair and just reason to withdraw the plea. State v. Kivioja , 225 Wis. 2d 271, 283, 592 N.W.2d 220 (1999). Here, it is undisputed that the circuit court properly concluded Bowser had established a fair and just reason to withdraw his guilty plea to Count 1 in case No. 2016CF11, based on Schiffer's repudiation of his prior statements about purchasing heroin from Bowser. The issue on appeal is whether the court should have also permitted Bowser to withdraw his guilty pleas to the two counts in case No. 2016CF189.
¶10 "Wisconsin case law clearly holds that a defendant's repudiation of a portion of the plea agreement constitutes a repudiation of the entire plea agreement." State v. Lange , 2003 WI App 2, ¶32, 259 Wis. 2d 774, 656 N.W.2d 480 (2002). Ordinarily, the remedy for a defendant's repudiation is to vacate the entire plea agreement and reinstate the original charges against the defendant. Id. ; see also State v. Robinson , 2002 WI 9, ¶48, 249 Wis. 2d 553, 638 N.W.2d 564, abrogated on other grounds by State v. Kelty , 2006 WI 101, 294 Wis. 2d 62, 716 N.W.2d 886. However, the appropriate remedy in a given case depends on the totality of the circumstances. Robinson , 249 Wis. 2d 553, ¶48. Accordingly, a court must "examine all of the circumstances of a case to determine an appropriate remedy for that case, considering both the defendant's and the State's interests." Id.
¶11 We review a circuit court's choice of remedy when faced with a motion to withdraw all or part of a plea agreement using the erroneous exercise of discretion standard of review. State v. Roou , 2007 WI App 193, ¶13, 305 Wis. 2d 164, 738 N.W.2d 173. We will find an erroneous exercise of discretion if the record shows that the court did not exercise its discretion, if the facts do not support the court's decision, or if the court applied an incorrect legal standard. Id. , ¶14.
¶12 In this case, we conclude the circuit court erroneously exercised its discretion by using an incorrect legal standard to assess Bowser's request to withdraw his pleas in case No. 2016CF189. The court concluded Bowser was not entitled to withdraw his pleas in that case because his proffered fair and just reason-i.e., Schiffer's repudiation of his prior statements to law enforcement-pertained only to case No. 2016CF11. The court therefore concluded Bowser had failed to establish a fair and just reason to withdraw his pleas in case No. 2016CF189. The court did not acknowledge that, when a defendant repudiates a portion of the plea agreement, the appropriate remedy is ordinarily to vacate the entire plea agreement and reinstate the original charges. See Robinson , 249 Wis. 2d 553, ¶48. Moreover, the court did not consider the totality of the circumstances when fashioning a remedy, nor did it weigh the parties' respective interests. See id. As such, the court erroneously exercised its discretion by failing to apply the correct legal standard and in fashioning a remedy.
¶13 We further conclude that, under the correct legal standard, Bowser should have been permitted to withdraw his guilty pleas in case No. 2016CF189. Although case Nos. 2016CF11 and 2016CF189 involved different drug sales to different confidential informants, the two cases were resolved as part of a single, global plea agreement.[2] Pursuant to that agreement, Bowser agreed to plead guilty to certain charges in each case in order to resolve both cases in their entirety. Deciding whether to accept the global plea agreement necessarily required Bowser to weigh the pros and cons of going to trial in each case, and, in particular, the strength of the State's evidence against him in each file. Thus, Bowser may not have agreed to plead guilty to the two counts in case No. 2016CF189 without the incentive of the State's plea offer in case No. 2016CF11. This circumstance weighs in favor of permitting Bowser to withdraw his pleas in case No. 2016CF189, in light of his plea withdrawal in case No. 2016CF11.
¶14 In addition, the parties' respective interests favor allowing Bowser to withdraw his pleas in case No. 2016CF189. Prior to entering his pleas, Bowser was facing six felony charges and prison exposure of up to 41.5 years.[3] By virtue of the plea agreement, Bowser secured the dismissal of three of the charges against him-Counts 2, 3 and 4 in case No. 2016CF11-and thus reduced his maximum prison exposure to 31 years. The State, on the other hand, gave up its ability to prosecute and obtain convictions on those three felony counts; however, the State also secured convictions on the remaining three felony counts without the time and expense of a trial.
¶15 The parties' positions changed dramatically when the circuit court permitted Bowser to withdraw his guilty plea to Count 1 in case No. 2016CF11 and reinstated Counts 2, 3 and 4 in that case, while at the same time refusing Bowser's request to withdraw his pleas to the two counts in case No. 2016CF189. At that point, the State had secured two felony convictions against Bowser, and Bowser was also facing four additional felony charges, three of which had previously been dismissed. The only benefit of the plea agreement that Bowser retained was the State's agreement to cap its sentence recommendation on the two charges in case No. 2016CF189. The circuit court's actions therefore placed Bowser in a significantly worse position than he had bargained for when he entered into the plea agreement. The State, in contrast, was placed in a better position than it had bargained for. It retained the benefit of Bowser's two convictions in case No. 2016CF189, without the need for a trial, and it gained the opportunity to convict Bowser of three additional felony counts that had previously been dismissed. As Bowser aptly observes, by permitting plea withdrawal in case No. 2016CF11, but not case No. 2016CF189, and then granting the State's motion to reinstate the additional charges in case No. 2016CF11, the circuit court allowed the State to "retain[ ] the benefit of the plea agreement without the cost."
¶16 The State's subsequent request to dismiss all four of the charges in case No. 2016CF11 does not affect our analysis. That fact was not known at the time of the hearing on Bowser's plea withdrawal motion. In fact, during the hearing, the State expressly requested that the circuit court reinstate the three counts in case No. 2016CF11 that had previously been dismissed, and all four charges in that case were set for trial. Moreover, Bowser asserts that the statute of limitations has not yet run on the charges in case No. 2016CF11, and, as a result, the State could still refile those charges. The State has conceded this argument by failing to respond to it. See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp. , 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979).
¶17 The State relies on Roou to support its contention that the circuit court properly exercised its discretion by denying Bowser's plea withdrawal motion as to the two charges in case No. 2016CF189. However, Roou is distinguishable. Pursuant to a plea agreement, Roou pled no contest to two of the charges against him-Counts 1 and 4-and four additional charges were dismissed and read in. Roou , 305 Wis. 2d 164, ¶5. Roou later filed a postconviction motion seeking to withdraw both of his pleas, claiming he had been misinformed about the elements of Count 4. Id. , ¶8. The State agreed that Roou should be allowed to withdraw his plea to Count 4, but it opposed his request to withdraw his plea to Count 1. Id. , ¶21. The State assured the circuit court that, if it granted Roou's plea withdrawal motion as to Count 4 only, the State would accept Roou's conviction and sentence on Count 1 and would not seek to reinstate any of the other charges against Roou, including Count 4. Id. The court granted Roou's motion to withdraw his plea to Count 4, but it denied his motion as to Count 1. Id. , ¶8.
¶18 On appeal, we concluded the circuit court had properly exercised its discretion. Id. , ¶26. We observed that, by entering into the plea agreement, Roou had reduced his maximum prison exposure from 111 years to 50 years and had reduced the number of charges against him from six to two. Id. , ¶23. We further observed that, although Roou's ultimate sentence was not affected by the withdrawal of his plea to Count 4, Roou had improved his position by withdrawing his plea to that charge because he stood convicted of only one count instead of two. Id. In addition, we emphasized that the State had agreed not to reinstate any of the additional charges against Roou, including Count 4, and thus there was no chance that Roou would face a future trial or additional prison time on those charges as a result of the court's decision not to vacate the entire plea agreement. See id. , ¶¶21, 23.
¶19 The same cannot be said here. In this case, the State never agreed not to pursue Count 1 in case No. 2016CF11 or not to reinstate the additional charges in that case that had previously been dismissed. Instead, the State expressly requested that the court reinstate the previously dismissed charges, and all four of the charges in case No. 2016CF11 were set for trial. Unlike Roou, Bowser was therefore left in a significantly worse position as a result of the circuit court's refusal to vacate the entire plea agreement. Accordingly, Roou does not support the State's contention that the court properly exercised its discretion by denying Bowser's plea withdrawal motion as to the two charges in case No. 2016CF189.
¶20 Because the circuit court erroneously exercised its discretion by denying Bower's motion to withdraw his pleas in case No. 2016AP189, we reverse Bowser's judgment of conviction in that case. We remand with directions that the court allow Bowser to withdraw his pleas to those charges.
By the Court. -Judgment reversed and cause remanded with directions.
Not recommended for publication in the official reports.

According to CCAP-a government website containing information about circuit court cases-all of the charges in case No. 2016CF11 were ultimately dismissed on the State's motion.

The circuit court did not expressly address whether Bowser's pleas were entered pursuant to a global plea agreement. On appeal, Bowser contends the court's analysis shows that it implicitly found his pleas were not part of a global agreement. In response, the State appears to contend that the court properly determined no global agreement existed. We agree with Bowser, however, that this case clearly involved a global plea agreement. The parties' agreement required Bowser to plead guilty to one count in case No. 2016CF11 and to both counts in case No. 2016CF189. In exchange, the State agreed to recommend dismissal of three additional counts in case No. 2016CF11 and to make certain sentence recommendations in each case. The parties' agreement disposed of both cases in their entirety. On these facts, the only reasonable conclusion is that Bowser's pleas were entered pursuant to a global plea agreement.
We further reject the State's argument that Bowser forfeited his right to argue the plea agreement was global by failing to raise that argument in the circuit court. During the hearing on Bowser's plea withdrawal motion, defense counsel clearly argued that Bowser's pleas in both files were "taken at the same time," were "a package deal," and were "bundled together." Defense counsel also stated, "I can't imagine that we would have a situation in which part of a plea would be held against him." These statements demonstrate Bowser did not forfeit his argument regarding the global nature of the plea agreement. In any event, the forfeiture rule is one of judicial administration, see State v. Wilson , 2017 WI 63, ¶51 n.7, 376 Wis. 2d 92, 896 N.W.2d 682, and even if it were potentially applicable here, we would decline to apply it under these circumstances.

The maximum sentences for the charges in case No. 2016CF11 were: 12.5 years on Count 1, see Wis. Stat. §§ 961.41(1)(d)1., 939.50(3)(f) (2015-16); and 3.5 years each on Counts 2 through 4, see §§ 961.41(4)(am)3., 939.50(3)(i) (2015-16). In case No. 2016CF189, the maximum sentences were: 12.5 years on Count 1, see §§ 961.41(1)(d)1., 939.50(3)(f) (2015-16); and 6 years on Count 2, see Wis. Stat. §§ 946.49(1)(b), 939.50(3)(h) (2015-16). Bowser therefore faced a total of 41.5 years in prison.