STATE of Wisconsin, Plaintiff-Respondent,

v.

Kenneth V. HARDEN, Defendant-Appellant.

Court of Appeals

*No. 2005AP262–CR. Submitted on briefs August 22, 2005.
—Decided October 4, 2005.*

2005 WI App 252

(Also reported in 707 N.W.2d 173.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Ralph J. Sczygelski* of *Sczygelski Law Firm*, Manitowoc.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Mark A. Neuser*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. Kenneth Harden appeals a judgment convicting him of delivering cocaine and THC, and an order denying his motion to withdraw his

no contest pleas. The State concedes that Harden was misinformed about the maximum prison sentence the court could impose for these crimes. Relying on *State v. Quiroz*, 2002 WI App 52, ¶ 16, 251 Wis. 2d 245, 641 N.W.2d 715, the trial court ruled that Harden failed to present credible evidence that the misinformation affected his plea decisions. Because we conclude Harden's pleas were not knowingly and voluntarily entered and he was not required to establish that the misinformation affected his plea decisions, we reverse the judgment and order and remand the case to the trial court with directions to grant Harden's motion to withdraw his pleas.

¶ 2. The complaint, information and amended information, although they differed in the crimes charged, all overstated the maximum prison terms the court could impose. Pursuant to a plea agreement, Harden pled no contest to the two offenses charged in the amended information. The plea questionnaire and the court's colloquy likewise misinformed Harden that he was subject to nineteen years' and six months' imprisonment. The correct potential prison exposure was sixteen years. The court imposed consecutive sentences totaling three years' initial confinement and four years' extended supervision.

¶ 3. At the postconviction hearing, Harden testified that he would not have accepted the plea agreement if he had known the correct maximum prison exposure was three and one-half years less than he was told. The trial court, relying on *Quiroz*, found Harden's testimony incredible as a matter of law and denied the motion to withdraw the no contest pleas.

¶ 4. To be valid, a no contest plea must be knowingly, voluntarily and intelligently entered. *State v.*

*Bangert*, 131 Wis. 2d 246, 260, 389 N.W.2d 12 (1986). A plea is not knowingly or voluntarily entered when it is made without knowledge of the penalties the court could impose. *State v. Merten*, 2003 WI App 171, ¶ 6, 266 N.W.2d 588, 668 N.W.2d 750. When a defendant makes a prima facie showing that the defendant was not informed of the direct consequences of his plea, the burden shifts to the State to show by clear and convincing evidence that the plea was nonetheless knowingly, voluntarily and intelligently entered. *Bangert*, 131 Wis. 2d at 274.

¶ 5. In this case, the State must prove that Harden knew the correct maximum sentence despite being given erroneous information at every stage of this proceeding. The State presented no evidence that Harden knew the maximum sentences the court could impose. Instead, it persuaded the trial court that Harden was required to show that his plea decisions were affected by the misinformation. That argument was specifically rejected in *State v. Bartelt*, 112 Wis. 2d 467, 484, 334 N.W.2d 91 (1983). While some language in *Bartelt* was subsequently withdrawn in *Bangert*,[1] the holding that a defendant need not show that the misinformation "caused" the plea has never been withdrawn. The precedent is binding on this court. *See Nommensen v. American Continental Ins. Co.*, 2000 WI App 230, ¶ 16, 239 Wis. 2d 129, 619 N.W.2d 137.

---

[1] In *State v. Bangert*, 131 Wis. 2d 246, 256, 260, 389 N.W.2d 12 (1986), the court withdrew language from *State v. Bartelt*, 112 Wis. 2d 467, 480, 334 N.W.2d 91 (1983), and other cases that equated statutory plea hearing procedures with constitutionally mandated requirements. The court reaffirmed that making a knowing, voluntary and intelligent plea is constitutionally mandated. *Bangert*, 131 Wis. 2d at 260.

¶ 6. In *Quiroz,* after concluding the trial court correctly calculated the maximum sentence, this court also observed that Quiroz failed to present credible evidence that his plea decision was affected by the alleged miscalculation. Relying on a proposition advanced by the State with no authority, we stated that a defendant must prove that erroneous sentencing information caused the defendant to plead guilty or no contest. *Bartelt* was not cited or discussed. Because the supreme court's decision in *Bartelt* creates binding precedent, the dicta in *Quiroz* should not be applied.

*By the Court.*—Judgment and order reversed and cause remanded with directions.