STATE of Wisconsin, Plaintiff-Respondent,

v.

Mark J. Roou, Defendant-Appellant.†

Court of Appeals

*No. 2006AP1574–CR. Submitted on briefs June 6, 2007.
—Decided July 18, 2007.*

2007 WI App 193

(Also reported in 738 N.W.2d 173.)

† Petition to review denied 3/18/08.

164

On behalf of the defendant-appellant, the cause was submitted on the brief of *John P. Tedesco*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Aaron R. O'Neil*, assistant attorney general.

Before Snyder, P.J., Brown and Nettesheim, JJ.

¶ 1. NETTESHEIM, J. Pursuant to a plea agreement, Mark J. Roou pled no contest to armed robbery with use of force and second-degree recklessly endangering safety. He was sentenced to concurrent sentences of twenty-five years and ten years, respectively. Postconviction, Roou moved to withdraw from the entire plea agreement on grounds that the trial court had misinformed him as to the elements of the reckless endangerment count. The court agreed that Roou had been misinformed, but limited the remedy to withdrawal of Roou's plea to the reckless endangerment charge, leaving intact Roou's plea and sentence on the armed robbery charge. The State did not oppose this remedy and further promised to not reissue the reckless endangerment charge. Roou appeals, contending that the court erred by refusing to vacate the entire plea agreement. We hold that determining the appropriate remedy in such cases depends upon the totality of the circumstances and a consideration of the parties' interests, a matter committed to the sentencing court's discretion. We affirm the trial court's ruling and the judgment.

## BACKGROUND

¶ 2. Roou stipulated to the facts as stated in the March 2003 criminal complaint. Roou broke into a business owned by a man Roou claimed cheated him out of a large sum of money. While allegedly brandishing a

gun, Roou forced an employee to open the safe, duct taped her to a chair, took her car and drove it toward the business owner who ran to avoid being hit. The complaint, and the later information, charged Roou with six counts:

COUNT 1:   armed robbery with use of force, contrary to Wis. Stat. §§ 943.32(1)(a) and 939.50(3)(c) (2005–06)[1];

COUNT 2: armed burglary, contrary to Wis. Stat. §§ 943.10(2)(a) and 939.50(3)(e);

COUNT 3: false imprisonment, contrary to Wis. Stat. §§ 940.30 and 939.50(3)(h); and

COUNTS 4–6: second-degree recklessly endangering safety, contrary to Wis. Stat. §§ 941.30(2) and 939.50(3)(g).

Counts 3–6 all included use of a dangerous weapon penalty enhancers pursuant to Wis. Stat. § 939.63(1)(b). Roou pled not guilty by reason of mental disease or defect (NGI), a competency hearing was held and he was found competent to stand trial.

¶ 3.   At the February 2004 plea hearing, Roou withdrew his NGI plea. Pursuant to a negotiated agreement, he then pled no contest to Counts 3–6 with the penalty enhancer, and the State moved to dismiss Counts 1 and 2 but read them in for sentencing purposes.[2] Before entering his pleas, Roou's attorney explained to him the pleas, their ramifications, the elements of the offenses, and the potential penalties.

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

[2] Roou entered an *Alford* plea with regard to the penalty enhancers because, while he did not contest the underlying conduct, he denied that he was armed with a dangerous weapon. *See North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970)

¶ 4. At this point, the problem leading to this appeal set in. Attached to the Plea Questionnaire/Waiver of Rights form that both Roou and his attorney signed was a form entitled "Elements of Common Criminal Offenses." On the form, the box for "endangering safety by use of a dangerous weapon," a misdemeanor, was erroneously checked instead of the box for "recklessly endangering safety," the felony count to which Roou was to plead. At the plea hearing, the trial court relied on the erroneous form when it recited to Roou the elements of each crime, inadvertently reciting to Roou the elements of endangering safety instead of recklessly endangering safety. The parties evidently did not detect this error. The court otherwise conducted a proper plea colloquy and accepted Roou's pleas.

¶ 5. The State later learned that one of the alleged victims could not identify with certainty that a gun seized from Roou's property was the weapon she maintained he had used in the crimes. As a result, the parties negotiated a new plea agreement under which Roou again would plead no contest to recklessly endangering safety (Count 4), but without the weapons enhancer allegation, and no contest to armed robbery with use of force (Count 1) instead of having it dismissed and read in. In addition, the State agreed to dismiss and read in for sentencing purposes Counts 2, 3, 5 and 6.

¶ 6. At the new plea hearing, the trial court did not recite directly to Roou the elements of recklessly endangering safety, although the court did correctly state the elements in Roou's presence as the court and counsel discussed the new plea agreement. The court verified that Roou understood: (1) that he was with-

(allowing a defendant to agree to accept conviction while simultaneously maintaining his or her innocence).

drawing his plea to recklessly endangering safety only to the extent of the allegation that he was armed with a dangerous weapon; (2) that the State's dismissal of the weapon enhancer allegation on the recklessly endangering safety charge was contingent upon Roou changing his plea to no contest on the armed robbery charge; (3) the elements of armed robbery with use of force; and (4) the potential penalties he faced. The court then permitted Roou to withdraw his initial pleas, accepted his new pleas under the new plea agreement, and found him guilty.

¶ 7.   At the sentencing, the trial court imposed a twenty-five-year bifurcated sentence on the armed robbery count consisting of seven years' initial confinement and eighteen years' extended supervision. On the recklessly endangering safety count, the court imposed a concurrent bifurcated sentence of fifteen years consisting of ten years' initial confinement and five years' extended supervision.

¶ 8.   Roou moved for postconviction relief pursuant to Wis. Stat. § 809.30, seeking to withdraw from the entire plea agreement.[3] In support, he contended his plea to the reckless endangerment charge was not knowingly, voluntarily and intelligently entered because the trial court had misinformed him as to the elements of that count.[4] In a written decision, the trial court granted the motion as to the reckless endanger-

---

[3] The postconviction motion at issue here on appeal is Roou's second effort to withdraw his plea. His first was denied, and we reinstated Roou's postconviction appeal rights after concluding that his first appellate counsel provided prejudicially ineffective assistance.

[4] In his postconviction motion Roou also contended that the Plea Questionnaire/Waiver of Rights form was not specific as to the armed robbery charge and thus he did not know that he had

ment charge. However, the court refused to vacate the entire plea agreement, leaving intact Roou's plea and sentence on the armed robbery charge. Roou appeals.

## DISCUSSION

¶ 9. The issue on appeal is whether the trial court correctly limited Roou's relief to withdrawal of his plea to the reckless endangerment charge. Roou contends that the misinformation as to that charge rendered all his pleas under the plea agreement unknowing, involuntary and not intelligently entered. He asserts that the proper remedy under Wisconsin law in this situation is to vacate the entire plea agreement and to return the parties to their pre-agreement posture. As it did in the trial court, the State agrees that Roou was misinformed as to the elements of the reckless endangerment charge, and therefore it does not challenge the trial court's ruling permitting Roou to withdraw his plea to that charge. However, the State disputes Roou's contention that the court was required to vacate the entire plea agreement.

*Standard of Review*

¶ 10. We begin by addressing our standard of review. Absent a constitutional violation, a plea withdrawal request is addressed to the trial court's discretion. *See State v. Rock*, 92 Wis. 2d 554, 559, 285 N.W.2d 739 (1979). As noted, the parties agree that the trial court properly exercised its discretion by allowing Roou

a right to a trial on that charge. The trial court denied this aspect of the motion, and Roou does not pursue this issue on appeal.

to withdraw his plea to the reckless endangerment charge. But they part ways on the next level of the inquiry: the proper scope of the remedy and what level of deference, if any, we must accord the trial court's determination of that question. On this point, the parties are in sharp disagreement.

¶ 11. Roou contends that under *State v. Robinson*, 2002 WI 9, ¶ 2, 249 Wis. 2d 553, 638 N.W.2d 564, *abrogated on other grounds, State v. Kelty*, 2006 WI 101, ¶ 39, 294 Wis. 2d 62, 716 N.W.2d 886, our review is de novo. The State concedes that *Robinson* labels the query a question of law, but notes that *Robinson* then emphasizes that the appropriate remedy "depends on the totality of the circumstances" and must be determined by "examin[ing] all of the circumstances [and] considering both the defendant's and State's interests." *See id.*, ¶¶ 48, 51. The State also cites a more recent case where the supreme court said it would not reverse the trial court's chosen remedy absent an erroneous exercise of discretion. *See State v. Deilke*, 2004 WI 104, ¶ 10, 274 Wis. 2d 595, 682 N.W.2d 945.[5]

¶ 12. The State's position is the more persuasive. The *Robinson* court does not attribute or explain the "question of law" statement. *Robinson*, 249 Wis. 2d 553, ¶ 2. Overshadowing it, in our view, is the repeated instruction that courts examine all the circumstances, available remedies and both parties' interests, which colors the determination with a distinctly discretionary hue. *See id.*, ¶¶ 3, 48, 49, 57.

[5] To the extent the standards of review appear inconsistent or conflict, the more recent supreme court ruling controls. *See Kramer v. Board of Educ. of Menomonie Area*, 2001 WI App 244, ¶ 20, 248 Wis. 2d 333, 635 N.W.2d 857.

¶ 13.   *Deilke* is important both for what it did and did not say about *Robinson*. It cited *Robinson* for the proposition that the appropriate remedy depends upon all of the circumstances and a consideration of the parties' interests. *Deilke*, 274 Wis. 2d 595, ¶ 25. But it did not cite *Robinson* in its discussion of the standard of review, *see id.*, ¶ 10, looking instead to *State v. Howard*, 2001 WI App 137, ¶ 36, 246 Wis. 2d 475, 630 N.W.2d 244, which, after examining supreme court and federal cases, concluded that a sentencing court has the discretion to determine the appropriate remedy. We agree, and conclude that a trial court's choice of remedy when faced with a motion to withdraw all or part of a plea agreement should be reviewed under an erroneous exercise of discretion standard.[6]

### Choice and Scope of Remedy

¶ 14.   We next examine, then, whether the trial court properly exercised its discretion when it denied Roou's request to withdraw from the entire plea, leaving Roou convicted only of armed robbery with an unaltered sentence, and a concession by the State to not refile the reckless endangerment charge. We will find an erroneous exercise of discretion if the record shows that the trial court did not exercise its discretion, if the facts do not support the trial court's decision, or if the

---

[6] Our conclusion comports with the broad discretion afforded the trial court in other aspects of the criminal process, such as whether or not to accept a plea, and in passing sentence. *See, e.g., State v. Martin*, 162 Wis. 2d 883, 904, 470 N.W.2d 900 (1991)(accepting plea); *State v. Odom*, 2006 WI App 145, ¶ 7, 294 Wis. 2d 844, 720 N.W.2d 695 (sentencing).

trial court applied the wrong legal standard. *State v. Black*, 2001 WI 31, ¶ 9, 242 Wis. 2d 126, 624 N.W.2d 363.

¶ 15.   Although the issue of Roou's entitlement to plea withdrawal on the reckless endangerment charge is not before us, some of the black letter law governing such a request is informative on the question of the proper remedy. A defendant who moves to withdraw a plea after sentencing carries the heavy burden of establishing, by clear and convincing evidence, that the trial court should permit plea withdrawal to correct a "manifest injustice." *State v. Thomas*, 2000 WI 13, ¶ 16, 232 Wis. 2d 714, 605 N.W.2d 836 (citations omitted). The manifest injustice test requires a defendant to show "a serious flaw in the fundamental integrity of the plea," *id.* (citations omitted), not simply disappointment with the sentence imposed, *see State v. Booth*, 142 Wis. 2d 232, 237, 418 N.W.2d 20 (Ct. App. 1987). The defendant's burden reflects the state's interest in the finality of convictions. *See Thomas*, 232 Wis. 2d 714, ¶ 16. Plea withdrawal under the manifest injustice standard rests in the trial court's discretion. *State v. McCallum*, 208 Wis. 2d 463, 473, 561 N.W.2d 707 (1997), *modified on other grounds, State v. Kivioja*, 225 Wis. 2d 271, 295, 592 N.W.2d 220 (1999).

¶ 16.   Roou contends that under Wisconsin law the trial court should have permitted him to withdraw from the entire plea agreement. He points to *Robinson*, for example, where the supreme court held that the State's interest required that the whole agreement be set aside after both counts were held to be multiplicitous, violating guarantees against double jeopardy. *See Robinson*, 249 Wis. 2d 553, ¶¶ 1–2, 49, 55. Roou seizes upon this passage from *Robinson*:

> [W]hen an accused successfully challenges a plea to and conviction on one count of a two-count information on grounds of double jeopardy and the information has been amended pursuant to a negotiated plea agreement by which the State made charging concessions, *ordinarily the remedy is to reverse the convictions and sentences, vacate the plea agreement, and reinstate the original information so that the parties are restored to their positions before the negotiated plea agreement.*

*Id.*, ¶ 31 (emphasis added).

¶ 17.  Roou cites other cases where the appellate courts likewise vacated the full judgment. *See, e.g., State v. Pohlhammer*, 78 Wis. 2d 516, 524, 254 N.W.2d 478, *aff'd on reh'g*, 82 Wis. 2d 1, 260 N.W.2d 678 (1978) (plea negated because amended information filed beyond statute of limitations), and *State v. Briggs*, 218 Wis. 2d 61, 74, 579 N.W.2d 783 (Ct. App. 1998) (two-count conviction vacated because based on information and plea bargain reciting an offense not recognized by law). However, *Pohlhammer, Briggs and Robinson* each involved a legally defective plea that, if withdrawn, would have gutted the core agreement. Here, by contrast, withdrawing the defective plea leaves Roou with one less conviction and in the same position sentence-wise, and leaves the State in a position to which it does not object.

¶ 18.  The State contends *State v. Krawczyk*, 2003 WI App 6, 259 Wis. 2d 843, 657 N.W.2d 77, is more apt, and we agree. Krawczyk pled guilty to felony murder, armed robbery and armed burglary, all as party to a crime. All carried repeater enhancements. *Id.*, ¶ 5. The trial court sentenced Krawczyk to sixty years on the felony murder and forty years on the armed robbery and armed burglary, to run concurrently. *Id.*, ¶ 6. Krawczyk moved to withdraw his plea as not knowingly,

intelligently and voluntarily entered because the trial court misinformed him of the elements of felony murder and failed to tell him he could not be convicted of both felony murder and the lesser-included offense of armed robbery. *Id.*, ¶ 7. Agreeing that Krawczyk should not have been convicted of both, the trial court vacated the armed robbery conviction and its concurrent sentence, but declined to resentence him on the remaining counts. *Id.* The State did not object to vacating the charge related to the double jeopardy violation, and agreed to leave intact the total sentence on the remaining charges. *Id.*, ¶¶ 34–35.

¶ 19.   The court of appeals upheld the trial court's ruling. *Id.*, ¶ 2. First, the court observed that the record was devoid of any evidence that Krawczyk would not have pled guilty to felony murder had he known of the multiplicity problem created by the existence of the armed robbery charge. *Id.*, ¶ 29. The state of the record is similar in this case. Second, the court noted that restoring the parties to their pre-plea positions was not necessary to further the State's interest, since the State was satisfied with the remaining sentence and was not asking for such relief. *Id.*, ¶ 35. The same must be said of the State's interest here. Third, the court held that the considerations of Krawczyk's interests did not warrant vacating the entire judgment, since the multiplicity problem did not infect Krawczyk's plea to the felony murder charge. *See id.*, ¶ 36. The court held that Krawczyk was "entitled to be relieved of the consequences flowing from the wrongful conviction, but nothing more." *Id.*, ¶ 37. The same situation exists here.

¶ 20.   Roou unsuccessfully attempts to distinguish *Krawczyk*. He first takes issue with the *Krawczyk* court's statement that the record was devoid of evidence

showing Krawczyk would not have pled guilty to felony murder had he known of the multiplicitous charges. *See id.*, ¶ 29. He contends Wisconsin law expressly does not require a defendant to make that proof. *See State v. Harden*, 2005 WI App 252, ¶ 5, 287 Wis. 2d 871, 707 N.W.2d 173. From there he argues he should not have to show he would not have pled no contest to the *armed robbery* charge had he known he was misinformed of the elements of *reckless endangerment*. Aside from the illogic of his argument, we reject it because *Krawczyk* and *Harden* were speaking of the burden of proof in establishing whether a plea was made knowingly and voluntarily, not of the remedy for an unknowing one.

¶ 21. Roou also says *Krawczyk* can be distinguished because Krawczyk "ended up with one fewer conviction and a shorter sentence," while the partial withdrawal in this case leaves his sentence unchanged, and he "may yet face reinstatement of the [vacated] charge, a trial, and a possibly consecutive ten-year prison sentence." Roou is incorrect. The State opposed Roou's plea withdrawal motion only as to the armed robbery charge and agreed that, if the trial court granted the motion only as to the reckless endangerment charge, it would accept the conviction and sentence on the armed robbery charge and not reinstate any of the original charges, including the reckless endangerment charge. This is a promise to which the State is clearly bound and which functionally constitutes a dismissal of the charge with prejudice. As for Roou's sentence, he got precisely what he bargained for on the armed robbery charge and he gives no reason why it should change.

¶ 22. As stated, determining an appropriate remedy entails considering the totality of the circumstances. Several times, Roou and his attorney assured

the court that the attorney had explained the elements of all offenses to Roou, and that he understood the elements, the penalties and that he was waiving his right to a jury trial. Roou challenges nothing pertaining to the armed robbery charge, not the sufficiency of the evidence, not the plea taking, not the length of sentence. He does not contend his counsel was ineffective.

¶ 23. The trial court also must balance the interests at stake. Both Roou and the State made concessions and received benefits in this negotiated plea case. Roou initially faced 111 years in prison on the six charges filed against him. In exchange for relinquishing his constitutional right to a trial, he bargained the charges down to two, decreasing his prison exposure by over half, to fifty years, and eventually was sentenced to serve just twenty-five on the armed robbery and a concurrent ten on the reckless endangerment. The length of Roou's sentence would not change because the reckless endangerment sentence ran concurrent with the longer armed robbery sentence. Moreover, Roou bettered his position: he would stand convicted of only one crime, not the two he agreed to. As we have noted, the specter Roou raises of reinstated charges, a future trial or additional prison time is without basis. Roou has not shown a serious flaw in the fundamental integrity of his plea to the armed robbery charge. *See Thomas*, 232 Wis. 2d 714, ¶ 16. For its part, the State gave up the full array of charges and potential penalties by agreeing to Roou's no contest pleas, and gained certain convictions and punishment against him. Indirectly, the State was relieved of its burden of proof and the input of substantial time, effort and expense. The totality of the circumstances and the parties' interests militate in favor of the remedy chosen.

¶ 24.  Roou next contends that vacating only part of the plea agreement is unconstitutional because it forces him into a deal he did not negotiate. Casting his argument in terms of contract law, Roou implies that partially vacating the agreement amounts to a breach of it.

¶ 25.  A plea bargain is analogous to a contract, so contract-law principles may help determine a criminal defendant's rights. *See State v. Scott*, 230 Wis. 2d 643, 654–55, 602 N.W.2d 296 (Ct. App. 1999). However, while analogies to contract law are useful for resolving questions regarding the effects of a plea bargain, they are not solely determinative. *See State v. Rivest*, 106 Wis. 2d 406, 413, 316 N.W.2d 395 (1982). We do not dispute that Roou has a constitutional right to the enforcement of a negotiated plea agreement. *See State v. Williams*, 2002 WI 1, ¶ 37, 249 Wis. 2d 492, 637 N.W.2d 733. Once he agreed to plead no contest in reliance on the State's promise to perform a future act, his due process rights demanded fulfillment of the bargain. *See id.* This presumes, however, that the alleged breach was material and substantial, not merely technical, because not every breach of a plea agreement gives rise to the right to a remedy. *See id.*, ¶ 38; *see also Deilke*, 274 Wis. 2d 595, ¶ 25. A material and substantial breach is a manifest injustice because it violates the terms of the agreement such that it defeats the benefit for which the accused bargained. *See Williams*, 249 Wis. 2d 492, ¶ 38; *see also Deilke*, 274 Wis. 2d 595, ¶ 25.

¶ 26.  The ultimate bargain here entailed a plea of no contest to the armed robbery charge. Roou's twenty-five-year sentence on that charge is unchanged by a partial plea withdrawal. Were the entire agreement

179

jettisoned, all charges could be refiled, exposing Roou to over a century in prison. The trial court's error of misinforming Roou of the elements of the reckless endangerment charge was not material or substantial as to the armed robbery charge. While a return of the parties to their pre-plea positions might, in the words of *Robinson,* "ordinarily" be the proper remedy, such is not the mandated remedy as a matter of law when convictions are based on a negotiated plea agreement and an error later surfaces as to one count. If another available remedy better addresses both the circumstances of the case and the interests of the parties, we do not see why pulling one thread must unravel the whole sweater. This determination lies within the trial court's sound discretion. We see no misuse of discretion.

*By the Court.*—Judgment and order affirmed.