**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**July 23, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1644-CR**

Cir. Ct. No. **2015CF2028**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

    V.

JERRY SLACK, JR.,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Affirmed*.

Before Brash, P.J., Kessler and Brennan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jerry Slack, Jr., appeals from a judgment convicting him of armed robbery and an order denying his postconviction motion.

*See* WIS. STAT. § 943.32(2) (2015-16).[1] He contends that he is entitled to plea withdrawal. We disagree and affirm.

## I. BACKGROUND

¶2 Slack's conviction stemmed from an incident that took place in May 2015. According to the complaint, Slack pulled his vehicle up next to three teenagers who were walking and asked if they had change for a ten dollar bill. The teenagers said they did not and kept walking, at which point Slack pointed a handgun at the group and demanded that everyone empty their pockets. A witness saw the teenagers throw items into the car and was able to retrieve the license plate number. Police officers subsequently saw the car with the matching license plate number. When they attempted to conduct a traffic stop, Slack sped off and crashed into a tree. He then got out of the car and fled on foot before being apprehended.

¶3 Slack was charged with armed robbery and attempting to flee or elude a traffic officer. Pursuant to plea negotiations, the charge of attempting to flee was dismissed and read in at sentencing. On the armed robbery charge, the circuit court sentenced Slack to six years of initial confinement and four years of extended supervision. The circuit court did not impose a fine as part of its sentence.

¶4 Slack subsequently filed a postconviction motion under *State v. Bangert*, 131 Wis. 2d 246, 389 N.W.2d 12 (1986), seeking to withdraw his guilty

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

plea.[2] He argued that the circuit court's plea colloquy was defective because the court did not advise him that he faced a $100,000 fine in addition to a forty-year sentence for the armed robbery charge. Slack also faulted the circuit court for not ensuring that he understood "the implications between a guilty plea and a no contest plea."

¶5     The circuit court held an evidentiary hearing where both Slack and his trial counsel testified. Afterward, the circuit court stated its findings on the record:

> [B]ased upon the testimony and the record in this case, the entire record in this case, the [c]ourt believes that the plea questionnaire and waiver of rights form was firmly discussed with the defendant, including provisions for—the penalty provisions. And the record was complete with evidence that the defendant was aware of the potential $100,000 fine.
>
> And the [c]ourt referenced the plea questionnaire and the criminal complaint. And each of those documents correctly stated the potential fine. It was only—it was gone over based upon the attorney's testimony that he went over that with the defendant, including the defendant's remarks that he knew what the potential fine was based upon his testimony here today.
>
> As far as the no contest versus guilty [plea], it appears based upon the testimony and the colloquy that the [c]ourt had with the defendant that he knew what a no contest plea was and had discussed that with his lawyer. His lawyer usually—apparently discusses that with him also before the plea is entered. And he knew that the [c]ourt, based upon the transcript, knew that the [c]ourt was

---

[2] In his postconviction motion, Slack additionally argued that his trial counsel was ineffective for failing to investigate surveillance videos to support an alibi defense. During the evidentiary hearing, the circuit court held that Slack's motion was insufficient to warrant a hearing on his claim that trial counsel was ineffective. Slack does not pursue this claim on appeal.

> going to make a finding of guilt because it's in the transcript whether it was a no contest plea or guilty plea.
>
> And the [c]ourt would make that finding. So based upon the entire record in this case, the [c]ourt believes that there's no claims that would afford him any type of relief.

The circuit court denied the motion, and this appeal follows.

## II. DISCUSSION

¶6    Slack renews his claims that he is entitled to plea withdrawal. A defendant who seeks to withdraw a plea after sentencing must prove by clear and convincing evidence that withdrawal is necessary to avoid a manifest injustice. *See* **State v. Taylor**, 2013 WI 34, ¶24, 347 Wis. 2d 30, 829 N.W.2d 482. One way a manifest injustice occurs is when a plea was not knowingly, voluntarily, and intelligently entered. *See id.*

¶7    A defendant is entitled to a hearing on a **Bangert** motion to withdraw a plea if the motion makes a prima facie showing that the circuit court's plea colloquy failed to conform to WIS. STAT. § 971.08 or other mandated procedures and if the motion adequately alleges that the defendant did not know or understand the information that should have been provided at the plea hearing. *See* **State v. Brown**, 2006 WI 100, ¶2, 293 Wis. 2d 594, 716 N.W.2d 906. "Once the defendant files a **Bangert** motion entitling him to an evidentiary hearing, the burden shifts to the State to prove by clear and convincing evidence that the defendant's plea was knowing, intelligent, and voluntary despite the identified defects in the plea colloquy." **State v. Hoppe**, 2009 WI 41, ¶44, 317 Wis. 2d 161, 765 N.W.2d 794.

¶8    In determining whether the State met its burden, we accept the circuit court's findings of historical and evidentiary facts unless clearly erroneous,

but we independently determine whether those facts establish that the defendant's plea was knowing, intelligent, and voluntary. *Id.*, ¶45. The State is allowed to rely on the totality of the evidence, including evidence outside the plea colloquy transcript, to fulfill its burden. ***Brown***, 293 Wis. 2d 594, ¶40.

¶9    The State submits that it met its burden, and we agree.

**A. The circuit court's failure to mention the potential fine during the plea colloquy does not warrant plea withdrawal.**

¶10    Slack pled guilty to armed robbery in violation of WIS. STAT. § 943.32(2) (2015-16), a class C felony. Upon conviction, he faced both a forty-year term of imprisonment and a $100,000 fine. *See* WIS. STAT. § 939.50(3)(c) (2015-16). At the plea hearing, the circuit court advised him as to the forty-year prison sentence but did not mention the potential fine. While acknowledging that the circuit court should have advised Slack about the possible fine upon conviction, the State nevertheless submits that the flaw was "not a serious one" insofar as it "does not reasonably bring the fundamental integrity of Slack's plea into question." *See* ***State v. Roou***, 2007 WI App 193, ¶15, 305 Wis. 2d 164, 738 N.W.2d 173 (explaining that "[t]he manifest injustice test requires a defendant to show 'a serious flaw in the fundamental integrity of the plea'" (citation omitted)).

¶11    After listening to the testimony provided by Slack and trial counsel during the evidentiary hearing, the circuit court found that Slack was aware of the potential $100,000 fine. The circuit court noted that both the complaint and the plea questionnaire and waiver of rights form correctly stated the potential fine, that trial counsel went over the plea questionnaire and waiver of rights form with

Slack, and Slack, by his own admission, knew about the potential fine.[3] We will not upset the circuit court's findings of historical facts unless they are clearly erroneous, and Slack has not argued, much less made such a showing.

¶12     As argued by the State, Slack's reliance on **State v. Finley**, 2016 WI 63, 370 Wis. 2d 402, 882 N.W.2d 761, is misplaced. In that case, the circuit court misstated the potential punishment at the plea hearing by telling the defendant that his maximum sentence was lower than it actually was and then it went on to impose the true maximum sentence. *See id.*, ¶¶8, 26, 33. On appeal, the State acknowledged the defendant did not know the maximum potential punishment when he entered his plea. *See id.*, ¶¶9 n.7, 93. Under those circumstances, our supreme court concluded that plea withdrawal was warranted. *See id.*, ¶¶94-95.

¶13     In contrast here, the State met its burden of showing that Slack's plea was knowing, intelligent, and voluntary despite the omission in the colloquy

---

[3] At the evidentiary hearing, the following exchange took place:

> THE COURT: But you knew about the fine?
>
> [SLACK]: I knew that—I signed a paper that said $100,000.
>
> THE COURT: You knew that the [c]ourt could impose a fine?
>
> [SLACK]: Yes, sir.
>
> THE COURT: You knew that?
>
> [SLACK]: Yes, sir.
>
> THE COURT: Okay.

as to the potential fine.[4]  We conclude that the circuit court properly denied Slack's motion to withdraw his plea on this basis.[5]

### B. Slack's alleged confusion about his plea does not warrant plea withdrawal.

¶14    Next, Slack argues that he did not understand that a no contest plea would result in a finding of guilt.  The plea questionnaire and waiver of rights form indicated Slack's intent was to enter a no contest plea; however, he ultimately entered a guilty plea.  He claims he "clearly was confused as to his plea and the court made no effort at the plea hearing to determine whether or not Slack knew the difference between a no contest plea and a guilty plea."

¶15    During the plea colloquy, Slack initially told the circuit court that he wanted to plead no contest.  After the circuit advised him that a no contest plea would result in a finding of guilt, Slack said he understood and stated on three separate occasions that he wanted to plead guilty:

> THE COURT:  What is your plea, sir, to the armed robbery?
>
> [SLACK]:  No contest.
>
> THE COURT: Well, you understand on a no contest plea the [c]ourt's going to make a finding of guilt; you understand that?

---

[4]  And, in any event, Slack conceded this by not addressing the State's arguments on this issue in his reply brief.  *See* ***Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.***, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (stating that a failure to refute an argument constitutes a concession).

[5]  We note in passing that during the postconviction motion hearing, Slack acknowledged that he had pled guilty to armed robbery as a party to a crime in a prior case.  His signed plea questionnaire and waiver of rights form from the prior case, which reflected the possibility of a $100,000 fine, was received as an exhibit during the hearing.

[SLACK]: Yes, sir.

THE COURT: So your plea is no contest?

[SLACK]: Guilty.

THE COURT: Well, what is it, no contest—

[SLACK]: Guilty.

THE COURT: Guilty?

[SLACK]: Yes.

THE COURT: Okay. On the plea of guilty then, the [c]ourt will make a finding of guilt and as it would on a no contest plea, the [c]ourt will use the—and, counsel, you're satisfied—I'm sorry, that he's voluntarily and knowingly waiving that right, right?

[SLACK'S TRIAL COUNSEL:] Yes, that's right.

THE COURT: The [c]ourt will make a finding of guilt. And the [c]ourt will use the criminal complaint as a factual basis for the plea and waive any other testimony.

¶16 During the evidentiary hearing, Slack testified that he wanted to enter a no contest plea because "[m]y understanding was that I wouldn't be found guilty." He testified that trial counsel told him that by entering a no contest plea he would not be found guilty and that if he had known he would be found guilty, he would have opted for a trial.

¶17 As set forth above, after listening to the testimony at the evidentiary hearing, the circuit court found that Slack had discussed the ramifications of a no contest plea with trial counsel and knew that if he pled no contest, the circuit court would find him guilty.[6] Slack does not argue that these findings of historical facts

---

[6] Although trial counsel did not specifically recall discussing the differences between a no contest plea and a guilty plea with Slack, he testified that it would have been his general practice to do so.

are clearly erroneous. Instead, he seems to suggest that the circuit court, and this court, should adopt his testimony at the evidentiary hearing wholesale. The circuit court was not required to do so, and we, in turn, defer to the circuit court's credibility determinations. *See **State v. Oswald***, 2000 WI App 3, ¶47, 232 Wis. 2d 103, 606 N.W.2d 238 (Ct. App. 1999); *see generally **Payne v. Brown***, 662 F.3d 825, 830 (7th Cir. 2011) ("A defendant's statements made in open court control over later, contradictory contentions."). Slack's alleged confusion over the distinction between a guilty plea and a no contest plea is insufficient to warrant plea withdrawal.[7]

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[7] As noted above, Slack had prior experience of pleading guilty to armed robbery given that he acknowledged having done so in another case.